## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AINSLEY ANDRE BOND, | : | CIVIL ACTION NO. **1:14-CV-1049** |
| | : | |
| Plaintiff | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| AMY BETH SCHWARZL, *et al.*, | : | |
| | : | |
| Defendants | : | |

### REPORT AND RECOMMENDATION

## I.     Background.

On May 8, 2014, Plaintiff Ainsley Andre Bond, a resident of Mt. Holly Springs, Pennsylvania, was convicted and sentenced to ninety (90) days in jail by the Cumberland County Court of Common Pleas for violating 75 Pa.C.S. §1543, namely, driving while operating privilege is suspended or revoked.[1] Plaintiff filed an appeal of his judgment of sentence with the Superior Court of Pennsylvania on May 27, 2014, and his appeal is still pending.[2]

On May 30, 2014, Plaintiff Bond filed, *pro se*, the instant civil rights action with this Court pursuant to 42 U.S.C. §1983. (**Doc. 1**).  Plaintiff's Complaint is difficult to comprehend and it contains pages of what appear to be quotes from numerous court cases that seem to have no bearing on Plaintiff' present claims.  Specifically, Plaintiff appears to quote cases which ostensibly

---

[1]We have obtained a copy of Plaintiff Bond's Cumberland County Criminal Docket for case number CP-21-SA-0000008-2014 at http://ujsportal.pacourts.us.   We take judicial notice of Plaintiff Bond's Cumberland County Criminal Docket, CP-21-SA-0000008-2014.

[2]We have obtained a copy of Plaintiff Bond's Superior Court of Pennsylvania Docket for case number 879 MDA 2014 at http://ujsportal.pacourts.us.   We take judicial notice of Superior Court of Pennsylvania Docket for case number 879 MDA 2014.

held that the right of a citizen to drive a motor vehicle on public streets is a fundamental constitutional right. Plaintiff also attached four Exhibits to his Complaint, A-1 to A-4. Plaintiff 's Exhibits include a copy of the Traffic Citation issued against him by a PA State Police ("PSP") Trooper (Nicole Mark) on September 30, 2013, charging him with driving while his operating privilege was suspended or revoked for DUI (driving under the influence), in violation of 75 Pa.C.S. §1543(b)(1).  (Doc. 1, p. 15, Ex. A-1).  The Traffic Citation against Plaintiff was filed with Magistrate District Judge ("MDJ") Susan K. Day, Magisterial District No. 09-3-03.

In his Ex. A-2, Doc. 1, p. 16, Plaintiff states that Trooper Mark admitted under cross exam that she did not see Plaintiff driving and did not see his vehicle which contradicted her Traffic Citation.  Plaintiff states that Trooper Mark thus committed state law crimes, including fraud and tampering with an official record.  Plaintiff appears to claim that Trooper Mark should be prosecuted for her alleged criminal violations.  Plaintiff 's Ex-3, Doc. 1, p. 17,  appears to be a page of the transcript from his summary appeal before the Cumberland County Court in which Trooper Mark testified under cross exam by Plaintiff's defense counsel, F. Clay Merris, that she did not actually see Plaintiff driving at any point.

Plaintiff 's Ex-4, Doc. 1, p. 19, is a Rescheduling Notice issued by MDJ Day on October 16, 2013, in which Plaintiff's summary trial regarding the Traffic Citation issued against him by a Trooper Marks was continued by MDJ Day to November 13, 2013.  Plaintiff states that MDJ Day and her office staff are guilty of forgery and tampering with an official record since they signed his name and entered a plea of "Not Guilty" on his behalf on the Rescheduling Notice even though he was not present at the time MJD Day issued the Rescheduling Notice.  Thus, Plaintiff claims that

MDJ Day and her staff committed the crimes of forgery and tampering with an official record in violation of state law.[3]

Plaintiff Bond's Complaint also includes a so-called "Affidavit of Truth" dated October 13, 2013, in which Plaintiff avers that the Traffic Citation issued against him on September 3, 2013, with MDJ Day consists of charges based on forgery, corporate fraud and tampering with official records.   (Doc. 1, p. 4).

Plaintiff Bond also filed a form Motion for Leave to Proceed *in forma pauperis* indicating that his weekly take home pay from his employment with Excel in Carlisle, PA, is $320.00, and that he has no assets.  (Doc. 2). Plaintiff Bond is essentially challenging his recent Cumberland County Court conviction and sentence, and he requests this federal Court to issue an injunction to immediately prevent his 90-day prison sentence from being executed.   Plaintiff contends that his conviction was unlawful and if his sentence is executed, he will be illegally detained.

---

[3]To the extent that Plaintiff Bond is alleging in his Complaint (Doc. 1) that Defendants' conduct amounted to criminal violations and he seeks this Court to initiate criminal prosecution against them, this Court cannot grant as relief in the present case the initiation of any criminal prosecution.  The Third Circuit has held that a private person in a federal civil action could not impose criminal liability on a defendant because he lacked standing to do so.  *See Conception v. Resnik*, 2005 WL 1791699, *2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005) (Non-Precedential). This Court has no authority to grant Plaintiff relief with respect to alleged criminal conduct in this  federal civil action.  *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd., in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10); *Banks v. U.S. Attorney*, 2008 WL 3853307, *2. Thus, insofar as Plaintiff Bond is seeking this Court to charge Defendants for their alleged illegal behavior, this request is subject to dismissal with prejudice.  *See Ross v. Pennsylvania Bd. of Probation and Parole*, 2012 WL 3560819, *5 n. 3 (M.D. Pa August 16, 2012).

The named Defendants in Plaintiff's instant §1983 civil rights Complaint are: Amy Beth Schwarzl, Certified Legal Intern, Cumberland County District Attorney's Office; John C. Dailey, Senior Assistant District Attorney, Cumberland County District Attorney's Office; F. Clay Merris, Cumberland County Public Defender's Office; Susan K. Day, Magisterial District Judge, Cumberland County.  It also appears Plaintiff has named PSP Trooper Nicole Mark as a Defendant.  Plaintiff may also be including the Cumberland County Court as a Defendant.    (Doc. 1, p. 5). Plaintiff is complaining about actions taken by Defendants against him in his criminal proceedings, including issuance of Traffic Citation and summary trial held before MDJ Day.  Plaintiff also challenges his conviction and sentence, and summary appeal proceedings held before the Cumberland County Court. *See Com. of PA v. Bond*, CP-21-SA-0000008-2014.  As stated, Plaintiff names as Defendants the two prosecutors, his criminal defense counsel and MDJ Day who found him guilty at his summary trial.

To date, Plaintiff's Complaint has not yet been served on Defendants.  Plaintiff has filed a Motion to Proceed *in forma pauperis*  (Doc. 2) with respect to his instant case.  We shall recommend that Plaintiff's Motion to Proceed *in forma pauperis* be granted solely for the purpose of filing this action.  We now screen Plaintiff's Complaint as we are obliged to do.

To the extent Plaintiff's case is a civil rights Complaint pursuant to 42 U.S.C. §1983 claiming violations of his constitutional rights, this Court has subject matter jurisdiction over Plaintiff's case under 28 U.S.C. §1331 and §1343(a).

## II.    Screening of *Pro Se* Complaints–Standard of Review.

As stated, Plaintiff Bond has filed Motion to proceed *in forma pauperis* in his present civil

rights case.  (Doc. 2).  Also, as  mentioned, we shall recommend that the Court, in its discretion, grant Plaintiff's *in forma pauperis* Motion.

Since we will recommend that Plaintiff's Motion to Proceed *in forma pauperis* be granted, we are obliged to screen Plaintiff's pleading under 28 U.S.C. §1915(e).   As the Court stated in *O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.), "Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)."

In *Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6, the Court stated:

> Once it has been decided that a plaintiff should be accorded *in forma pauperis* status, the court then considers whether the complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B).  *Douris v. Huff*, 2008 U.S. App. LEXIS 467, 469 (3d Cir. 2007); *see also Douris v. Newtown Borough, Inc.* 207 Fed.Appx. 242 (3d Cir. 2006).  Section 1915(e)(2) provides:
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal  - -
> (i)      is frivolous or malicious;
> (ii)     fails to state a claim on which relief may be granted; or
> (iii)    seeks monetary relief against a defendant who is immune from such relief.
>
> 28 U.S.C. § 1915(e)(2).  This statute "is designed largely to discourage the filing of, and waste of, judicial and private resources upon baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing

vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (stating that

"[dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints"). While the original statute permitted sua sponte dismissal only if an action was frivolous or malicious, Congress included failure to state a claim and seeking monetary relief from a defendant immune from suit as additional grounds for sua sponte dismissal of *in forma pauperis* cases. *Jones v. Bock*, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007); § 1915(e)(2)(B) (2000 ed.); 28 U.S.C.
§ 1915(d)( (1994 ed.).

*See also Wright v. Loftus*, Civil No. 09-1305, M.D. Pa., 11-20-09 Memorandum, p. 4; *Klatch-Maynard v. ENT Surgical Associates*, Civil No.  09-1963, M.D. Pa.

Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See McCain v. Episcopal Hosp.*, 350 Fed.Appx. at 604. Section1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp.*, 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino,* Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4.

The Court uses the same standard to screen a complaint as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

## III.   Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

## IV.   Allegations of Complaint.

Plaintiff Bond alleges in his Complaint that all Defendants have violated Title XI of the Corporate Fraud Accountability Act of 2002, 18 U.S.C. §1512.  Plaintiff did not provide any facts that would set forth a basis of a violation of 18 U.S.C. §1512.   In addition, Plaintiff alleges Defendant Mark violated 18 Pa.C.S. § 4909, since her testimony on cross exam at his summary appeal that she did not see Plaintiff drive contradicted her Traffic Citation issued against him. Plaintiff alleges forgery was committed by Magisterial District Judge Day's office when they entered a plea of not guilty in an official proceeding, which he claims he was never notified about.  He also asserts unspecified violations of the 14th Amendment, the 5th Amendment, Article VI of the Constitution (Supremacy Clause), and due process of law. (Doc. 1, p. 6).  Plaintiff also seems to raise a §1983 conspiracy claim alleging that "officials named in this civil case have conspired to commit conspiracies and have acted erroneously contrary to the law." (*Id.*). Further, the constitutional violations Plaintiff raises are not mentioned anywhere else in his Complaint.  Similarly, Plaintiff mentions no allegations whatsoever with regards to Defendants Schwarzl, Dailey, and Merris.

Plaintiff seeks monetary damages in the amount of $100 million (Doc. 1, p. 5) as well as injunctive relief for this federal Court to stop the execution of his state court sentence of ninety (90) days imprisonment (Doc. 1, p. 14).  Plaintiff also requests that this federal Court prohibit his pending criminal appeal in the PA Superior Court and to move his criminal case to this federal Court.  Further, Plaintiff requests this federal Court to grant him immunity in his state court criminal case until his civil rights case is resolved.  *(Id.).*

For the reasons that follow, we recommend that Plaintiff's Complaint be dismissed in its

entirety with prejudice as to all Defendants.

## V.   Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Phillips v. Miller*, 2010 WL 771793, *2 (M.D. Pa.).

In *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *6 (M.D. Pa.), the Court stated:

> Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors.  *Kneipp v. Tedder,* 95 F.3d 1199, 1204 (3d Cir.1996). To establish a claim under this section, the plaintiff must  show a deprivation of a "right secured by the Constitution and the laws of the United States ... by a person acting under  color of state law." *Id.* (quoting *Mark v. Borough of Hatboro,* 51 F.3d 1137, 1141 (3d Cir. 1995))

*See Pitchfork v. Bor. of Munhall*, 631 F.Supp.2d 636, 651-52 (W.D. Pa. 2007); *Holmes v. Dreyer*, 2010 WL 3791360, *2 (E.D. Pa. 9-28-10); *Brookhart v. Rohr*, 385 Fed. Appx. 67, 69 (3d Cir. 2010)(Per Curiam).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt,*

*supra.*  It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement.  *Id.*  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based.  *Id.*  As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons.  *Id.*  Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

## VI.   Discussion.

Initially, we find that Plaintiff's  present Complaint  is in clear violation of Rule 8.  Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth: (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.  *See Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.)("The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include

factual allegations to support the legal claims asserted.").

To the extent Plaintiff claims in his Complaint that violations of his constitutional rights occurred during his criminal proceedings in his Cumberland County criminal case, both during his summary trial before MDJ Day and during his summary appeal, such claims against all Defendants are barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), until Plaintiff can show that his Cumberland County conviction for driving with a suspended license related to DUI and 90-day prison sentence have been invalidated or overturned *via* state court appeals or a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.   *See Murphy v. Bloom*, 443 Fed.Appx. 668, 669 (3d Cir. 2011).  The *Heck* favorable termination rule applies to §1983 civil rights actions.  *Id.* at 669, n. 2.  As Plaintiff Bond's docket reflects, his May 8, 2014 sentence is currently pending appeal in the Superior Court of Pennsylvania.  Thus, if Plaintiff's sentence is upheld by the Superior Court of Pennsylvania, he can file a §2254 habeas petition with this Court after he exhausts his state court remedies.[4]  See *Leamer v. Fauver*, 288 F.3d 532 (3d Cir.2002).

Additionally, we find that Plaintiff fails to state the personal involvement of the two individual Defendant employees of the Cumberland County District Attorney's Office, namely, Defendant Schwarzl and Defendant Dailey, with respect to his claims which are detailed above. Plaintiff does not state the personal involvement of these two Defendants with respect to a violation of his constitutional rights, which is required to hold these Defendants liable in a §1983

---

[4] The Third Circuit in *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002), stated:
    whenever the challenge ultimately attacks the 'core of habeas' -- the
    validity of the continued conviction or the fact or length of the
    sentence -- a challenge, however denominated and <u>regardless</u>
    <u>of the relief sought</u> must be brought by way of a habeas corpus.

action.

The Supreme Court in *Iqbal* repeated the personal involvement necessary in a §1983 action.

In *Innis v. Wilson*,  2009 WL 1608502, *2 (3d Cir. 2009), the Court, citing *Iqbal,* stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

> "Innis's allegation against Wilson also fail because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill,* 372 F .3d at 236. Accordingly, these claims were properly dismissed."

In *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.), the Court stated:

> The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 555); *see also Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly,* 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556).

We find that Plaintiff's Complaint lacks sufficient allegations as to Defendant Schwarzl and

Defendant Dailey, and that it fails to state what these Defendants personally did to violate Plaintiff's

constitutional rights.

Furthermore, to the extent Plaintiff has named Cumberland County District Attorney's Office prosecutors  Schwarzl and Dailey as Defendants due to their criminal prosecution of Plaintiff, we find that both Schwarzl and Dailey are entitled to prosecutorial immunity.  The issue arises as to whether Plaintiff's claims, insofar as they are deemed as seeking damages against Schwarzl and Dailey, should be dismissed because prosecutors enjoy absolute immunity when performing official duties during a criminal prosecution of a defendant.  *See Sanders v. Downs*, 420 Fed.Appx. 175, 180 (3d Cir. 2011)(citation omitted).

As the Court held in *Williams v. Marino*, Civil No. 03-0632, M.D. Pa., a District Attorney is entitled prosecutorial immunity with respect to a Plaintiff's  request for monetary damages if they are based on the District Attorney's performance of his official duties in prosecuting Plaintiff.  *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa.  2007); *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Radocesky v. Munley*, 247 Fed. Appx. 363, 365 (3d Cir. 2007)("The decision whether or not to initiate or prosecute a case is completely discretionary with prosecutors and also is absolutely immunized from a suit for damages."), citing *Imbler v. Pachtman*, 424 U.S. 409 (1976).

In *Light v. Haws*, 472 F. 3d 74, 77-78 (3d Cir. 2007), the Third Circuit stated:

> "Most public officials are entitled only to qualified immunity" from Section 1983 actions. *Yarris v. County of Delaware,* 465 F.3d 129, 135 (3d Cir.2006); *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993) (ordinarily, "[q]ualified immunity represents the norm") (internal quotation marks and citations omitted). Nonetheless, in *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that, in light of the immunity historically accorded prosecutors at common law, state prosecutors are absolutely immune from liability under § 1983 for actions performed in a quasi-judicial role. *Id.* at 427, 431, 96 S.Ct. 984. This protection is

13

> "not grounded in any special esteem for those who perform these
> functions, and certainly not from a desire to shield abuses of office, but
> because any lesser degree of immunity could impair the judicial process
> itself." *Kalina v. Fletcher,* 522 U.S. 118, 127, 118 S.Ct. 502, 139 L.Ed.2d
> 471 (1997) (internal quotation marks and citations omitted). This court
> has since amplified that "participation in court proceedings and
> other conduct intimately associated with the judicial phases of litigation"
> are "actions performed in a quasi-judicial role." *Carter v. City of
> Philadelphia,* 181 F.3d 339, 356 (3d Cir.1999) (internal quotation marks
> and citations omitted). We have given as other examples of prosecutorial
> actions that warrant absolute immunity, "acts undertaken by a
> prosecutor in preparing for the initiation of judicial proceedings or for trial,
> and which occur in the course of his role as an advocate for the State[.]"
> *Yarris,* 465 F.3d at 135 (internal quotation marks and citations omitted);
> *McArdle v. Tronetti,* 961 F.2d 1083, 1085 (3d Cir.1992) (holding that
> prison physician and prison counselor were absolutely immune as to
> their testimony in court and psychiatric reports to the judge, as that was
> an "integral part of the judicial process").

*See also Gregg v. Pettit*, 2009 WL 57118, *4 (W.D. Pa.).

We find that even though Plaintiff does not state the personal involvement of Defendants Schwarzl and Dailey with respect to his claims, it appears that Defendants Schwarzl and Dailey's involvement is as prosecutors in Plaintiff's criminal case, which were presided over by Defendant MDJ Day.  In fact, Plaintiff's Ex. A-3 attached to his Complaint is a copy of one page from Plaintiff's summary appeal transcript in which Defendant Schwarzl was acting as the prosecutor. (Doc. 1, p. 17). Thus, it appears that any claims Plaintiff may be deemed as asserting against Defendants Schwarzl and Dailey are closely tied to the judicial phase of the criminal proceedings against Plaintiff in Cumberland County as to render them absolutely immune from any request for money damages Plaintiff is making.

We find that insofar as Plaintiff is seeking damages against Defendants Schwarzl and Dailey, these claims are precluded by absolute prosecutorial immunity.  Thus, we will recommend that any

14

damages claims Plaintiff may be asserting against Schwarzl and Dailey be dismissed with prejudice. We find futility of any amended pleading with respect to Plaintiff's damages claims against Defendant Schwarzl and Dailey since we find that they are precluded by absolute prosecutorial immunity. *See Light, supra.* Additionally, as discussed above, we find that any constitutional claims Plaintiff is asserting against Defendants Schwarzl and Dailey should be dismissed since they are *Heck* barred. Further, as discussed below, we find that Plaintiff's request for injunctive relief in his Complaint is clearly subject to dismissal.

To the extent that Plaintiff is raising constitutional claims against Defendant MDJ Day and he is seeking money damages, we will recommend that these claims against this judicial Defendant be dismissed with prejudice. We find that Plaintiff's claims against Defendant MDJ Day regarding the Traffic Citation issued against him by Defendant PSP Trooper Mark and his summary trial are barred based on the doctrine of judicial immunity. We find that the Eleventh Amendment of the United States Constitution protects Defendant MDJ Day from suit in federal court because Plaintiff clearly sues her entirely for acts taken in her judicial capacity during Plaintiff's Cumberland County criminal case, such as stating Plaintiff entered a plea of not guilty when Plaintiff's summary trial was continued. (Doc. 1, p. 19, Ex. A-4)**.** *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007); *Clark v. Conahan*, 737 F.Supp. 2d 239, 255-56 (M.D. Pa. 2010); *Dougherty v. Snyder*, 2011 WL 1871226, *13; *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp. 2d 672, 696 W.D. Pa. 2009). Plaintiff's suit against Defendant MDJ Day seeks to address actions taken by her within her jurisdiction and within her official judicial capacity in her courtroom which is part of the Cumberland County Court, during the Plaintiff's criminal case. As such, Defendant MDJ Day

15

is entitled to absolute judicial immunity.

In *Clark*, 737 F.Supp. 2d at 256, the Court stated:

> For judicial immunity to apply, only two requirements must be met: 1) jurisdiction over the dispute, and 2) a judicial act. *Id.* at *7. As to the first, a judge is not immune only when he has acted in the "clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citation omitted). As to the second prong, judicial immunity extends only to "judicial acts," not administrative, executive, or legislative ones. *Id.* at 360–61, 98 S.Ct. 1099. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump,* 435 U.S. at 356, 98 S.Ct. 1099 (citation omitted). The fact that the judge was incorrect about the status of jurisdiction or that there were procedural errors causing the judge to act without jurisdiction does not satisfy the requirements for defeating immunity. *Gallas v. Supreme Court of Pennsylvania,* 211 F.3d 760, 771 (3d Cir.2000). In determining whether an act is judicial, it is appropriate to consider 'the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge,' and 'the expectations of the parties, *i.e.,* whether they dealt with the judge in his official capacity.'" *Wallace,* 2009 WL 4051974, at *7 (quoting *Stump,* 435 U.S. at 362, 98 S.Ct. 1099). "Acts which are traditionally done by judges include issuing orders, resolving cases and controversies, making rulings, and sentencing criminal defendants. Other actions such as sending a fax, or hiring and firing subordinates, have been found to be administrative, rather than judicial, acts. Note, however, that even if an act is not judicial, there may be still be immunity if the act is legislative or executive in nature." *Id.*

We find that Defendant MDJ Day, who presided over Plaintiff's Cumberland County summary trial in his criminal case, is entitled to absolute judicial immunity with respect to all of Plaintiff's damages claims against her in her individual capacity.  We find that Plaintiff's present claims against Defendant MDJ Day, as detailed above, relate to the performance of her judicial duties in handling official court matters against Plaintiff, and that his claims against this Judicial Defendant in her individual capacity are precluded by absolute judicial immunity. *See Stankowski,* 487 F. Supp. 2d 543; *Kalomiris v. Monroe County Syndicate,* 2009 WL 73785, *7 (M.D. Pa.); *Rush v. Wiseman,* 2010 WL 1705299, *7; *Clark,* 737 F.Supp. 2d at 256; *Dougherty v. Snyder,* 2011 WL

16

1871226, *13; *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp. 2d at 696; *Brookhart v. Rohr*, 385 Fed. Appx. 67, 70 (3d Cir. 2010)("judges are absolutely immunized from a suit for money damages arising from their judicial acts.")(citations omitted).

Based upon the above, we find that the Court should not allow Plaintiff to amend his Complaint with respect to any claims, both for damages and for equitable relief, against Defendant MDJ Day, since we find it would be futile. *See Clark*, *supra*.; *Stankowski, supra*. *See also Grayson v. Mayview State Hospital*, 293 F.3d at 111; *Alston v. Parker*, 363 F.3d at 235-236. As discussed below, we find that Plaintiff's request for injunctive relief is clearly subject to dismissal. Thus, we find that Defendant MDJ Day should be dismissed entirely from this case with prejudice.

To the extend that Plaintiff is raising constitutional claims against Defendant PSP Trooper Mark due to the filing of a criminal charge against Plaintiff and due to Plaintiff 's conviction on the charge, we will recommend that these claims be dismissed with prejudice. In *Taylor v. JFC Staffing Assoc.*, 690 F. Supp. 2d 357, 375-77 (M.D. Pa. 2009), the Court stated:

> In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) the Supreme Court announced what is called the "favorable termination rule," which forecloses certain § 1983 [or 1331] actions for plaintiffs who have plead guilty to criminal charges. In *Heck,* the Supreme Court stated:
>
> > [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 [or 1331] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983 [or 1331].

17

> *Id.* at 486-87, 114 S.Ct. 2364 (emphasis in original). The final
> termination rule announced in Heck also bars those § 1983 [or
> 1331] claims that have the effect of impugning the underlying
> criminal conviction.   *See Marable v. Pottsgrove Twp.,* 176
> Fed.Appx. 275, 281 (3d Cir.2006).

As previously mentioned, Plaintiff Bond has an appeal pending before the Superior Court of Pennsylvania with respect to his conviction and sentence on the criminal charge filed against him by Defendant Trooper Mark.   Until Plaintiff's criminal conviction and sentence have been overturned on appeal either by the state appellate court or in § 2254 habeas petition, we find that Plaintiff's claims as against Defendant Mark are *Heck* barred.   As such, we recommend that Plaintiff's claims against Defendant Mark be dismissed until Plaintiff's state court conviction is overturned.

Although Plaintiff has not made any allegations as to any civil rights violations by his criminal defense attorney, Defendant Merris, it is well-settled that the conduct of an attorney, representing a client in a criminal case, does not by itself rise to the level of state action entitling an individual to bring a federal civil rights actions against his own prior counsel.   *See, e.g., West v. Atkins,* 487 U.S. 42, 50 (1988); *Polk County v. Dodson,* 454 U.S. 312 (1981); *Pete v. Metcalfe,* 8 F.3d 214 (5 th Cir. 1993); *Shirazi v. Palissery,* Civil No. 11-0141, M.D. Pa.  Clearly, Defendant Merris  in the instant case is not a state actor.   We point out that Plaintiff's Ex. A-3 attached to his Complaint is a copy of one page from Plaintiff's summary appeal transcript in which Defendant Merris  was acting as Plaintiff 's criminal defense counsel. (Doc. 1, p. 17).

In *Corliss v. O'Brien,* 200 Fed.Appx. 80, 84 (3d Cir. 2006), the Court stated:

> The allegations against defendants Germano and Quigley pertain to their

representation of the defendant in state court criminal and post-conviction proceedings. Their representation, alone, does not render either of them a "person acting under color of state law" under § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his function as counsel).

In *Holmes,* 2010 WL 3791360, *2, the Court stated:

> In order to bring suit under federal civil rights laws, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. *Kost v. Kozakiewicz,* 1 F.3d 176, 184 (3d Cir.1993) (listing elements of a civil rights claim). The United States Supreme Court has determined that a defense attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel in a criminal proceeding." *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.,* 184 F.3d 268, 277 (3d Cir.1999). This conclusion applies regardless of whether the defense attorney is court-appointed or privately retained. *Black v. Bayer,* 672 P.2d 309 (3d Cir.), *cert. denied,* 459 U.S. 916, 103 S.Ct. 229, 74 L.Ed.2d 182 (1982).
>
> Based on the foregoing, and taking into account plaintiff's claim that his defense attorneys intentionally provided ineffective representation, the Court concludes that plaintiff's defense attorneys are not state actors for purposes of this lawsuit. Although a non-state actor who conspires with a state actor may be liable in a civil rights action, plaintiff's assertion that the defendants, acting in concert with the prosecutors in his criminal case, intentionally provided ineffective representation is unsupported by any credible fact or theory, and is dismissed for that reason. *See Young v. Kann,* 926 F.2d 1396, 1405 n. 16 (3d Cir.1991) (conspiracy claims may be dismissed when based on plaintiff's mere suspicion and speculation). Thus, plaintiff's defense attorneys may not be sued in this action, and plaintiff's claims against them must be dismissed.

We find that even if Plaintiff were alleging a civil rights violation against his defense counsel, Defendant Merris, such a claim would fall directly under *Polk*. Defendant Merris is clearly not a state actor that can be subject to a federal civil rights action. As such, it is recommended that Plaintiff's claims against Defendant Merris be dismissed with prejudice.

Additionally, we will recommend that this Court dismiss with prejudice Defendant Court of Common Pleas of Cumberland County because this Defendant is entitled to immunity.  To the extent Plaintiff is attempting to raise claims against Defendant Court of Common Pleas of Cumberland County, Doc. 1, p. 5, these claims are barred under the Eleventh Amendment. Based on *MCI Telecom. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 502 (3d Cir. 2001), because Defendant Court of Common Pleas of Cumberland County is an agency of the Commonwealth of Pennsylvania, this Court's jurisdiction over this Defendant is barred by the Eleventh Amendment of the United States Constitution, and all claims against it are subject to dismissal.

In *Democracy Rising PA v. Celluci*, 603 F. Supp. 2d 780, 795 (M.D. Pa. 2009), the Court held that:

> The Eleventh Amendment precludes private federal litigation against a state and its agencies. n16 *Hans v. Louisiana*, 134 U.S. 1, 15-16, 10 S. Ct. 504, 33 L. Ed. 842 (1890); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000); *Lombardo v. Pennsylvania*, 540 F.3d 190, 194-95 (3d Cir. 2008). This is a jurisdictional bar subject to only two exceptions: (1) Congress may specifically abrogate a state's sovereign immunity by exercising its enforcement power under the Fourteenth Amendment, or (2) a state may waive its sovereign immunity by consenting to suit. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999); *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002). It is well settled that Congress had no intention to abrogate the states' sovereign immunity by enacting      § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). [**41] Furthermore, Pennsylvania has unequivocally withheld its consent to such suits. See 42 PA. CONS. STAT. § 8521(b); *see also Lombardo*, 540 F.3d at 196 n.3; *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981).*See also Urella v. PA State Troopers Ass'n*, 2008 WL 1944069, *3.

In *Beattie v. DOC SCI-Mahanoy*, 2009 WL 533051, *6 (M.D. Pa. 3-3-09), the Court stated:

> As to Defendants DOC, SCI-Mahanoy, FN5 and Pennsylvania State Police,

the court does not find these defendants to be suitable entities for a §1983 claim. Section 1983 creates a cause of action against every "person" who under color of state law deprives an individual of a right secured by the Constitution or federal statute. *See* 42 U.S.C. § 1983. Furthermore, the United States Supreme Court maintains that state agencies are not subject to liability under § 1983 actions brought in federal court.FN6 *See Howlett v. Rose,* 496 U.S. 356, 365, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990) ( " *Will [v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court."). The Pennsylvania Department of Corrections and the Pennsylvania State Police are state agencies, not persons. However, even if it could be determined that the Department of Corrections or the State Police is a "person" within the meaning of § 1983, Beattie has only requested monetary damages from each one. A request for monetary damages from a state agency is barred by the state's sovereign immunity under the Eleventh Amendment. *See Bd. of Trustees of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363-64, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) (explaining private parties cannot sue states in federal court for monetary damages). Therefore, the complaint must be dismissed as to Defendants Department of Corrections and Pennsylvania State Police.
(Footnote omitted).

Thus, we find that this Court's jurisdiction over Defendant Court of Common Pleas of Cumberland County is barred by the Eleventh Amendment. *See Democracy Rising PA v. Celluci, supra; Beattie v. DOC SCI-Mahanoy, supra.; see also Bucano v. Pennsylvania,* 2013 WL 247003 (M.D. Pa. January 22, 2013). As such, we will recommend that Defendant Court of Common Pleas of Cumberland County be dismissed with prejudice since it would be futile to allow Plaintiff to amend his claims against this Defendant.

Insofar as Plaintiff is deemed as raising a §1983 conspiracy claim, we find that he fails to state a cognizable claim. We find that Plaintiff's bare conclusory allegations of a § 1983 conspiracy as against Defendants to deprive him of his constitutional rights with respect to his criminal

prosecution in Cumberland County Court are clearly inadequate to state a cognizable conspiracy claim.  *See Flanagan v. Shively*, 783 F. Supp. 922, 928-29 (M.D. Pa. 1992), aff'd. 980 F. 2d 722 (3d Cir. 1992), *cert. denied* 510 U.S. 829 (1993).  The Plaintiff's allegations [of conspiracy] must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each Defendant allegedly played in carrying out those objectives.  Bare conclusory allegations of 'conspiracy' ... will not suffice to allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred."  *Id*. at 928.

As the Court stated in *Dennison v. Pa. Dept. of Corrections*, 268 F. Supp. 2d 387, 401 (M.D. Pa. 2003):

> To sustain a conspiracy claim under section 1983, [Plaintiff] must establish that: (1) defendants deprived him of a right secured by the Constitution or laws of the United States and (2) conspired to do so while acting under color of state law.  *Adickes v S. H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Marchese v. Umstead,* 110 F.Supp.2d 361, 371 (E.D. Pa. 2000).  Additionally, "'to [s]ufficiently allege a conspiracy, a plaintiff must show a combination  of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose.'" *Marchese*, 110 F.Supp.2d at 371 (quoting *Panayotides v. Rabenold*, 35 F.Supp.2d  411, 419 (E.D. Pa.1999)) (other internal citations omitted).  "'A    plaintiff must make specific factual allegations of combination,    agreement, or understanding among all or between any of the    defendants to plot, plan, or conspire to carry out the alleged chain of  events.'" *Id*. (quoting *Panayotides v. Rabenold*, 35 F.Supp.2d 411, 419  (E.D. Pa. 1999)) (other internal citations omitted).

We find that Plaintiff Bond does not specify any role or agreement of any Defendant in the alleged conspiracy to violate his constitutional rights.  Further, Plaintiff does not make specific

factual allegations of an agreement, combination or understanding among Defendants to plot, plan or conspire to carry out any events that have led to the alleged violations of his constitutional rights regarding his criminal prosecution.

Thus, we will recommend that Plaintiff's conspiracy claim under §1983 against Defendants be dismissed with prejudice.  *See Killing v. Renn*, 2011 WL 1632955, *1 (3d Cir. 5-2-11). Since Plaintiff 's constitutional claims regarding his criminal prosecution are *Heck* barred as discussed above, we find futility in allowing Plaintiff to amend his conspiracy claim under §1983 against Defendants.

Moreover, insofar as Plaintiff Bond indicates that he had a constitutionally protected right to drive a vehicle on public roads in Pennsylvania and that Defendants deprived him of this right, we find that Plaintiff is incorrect. "There is no substantive constitutional right to drive an automobile, and while there is a constitutional right to travel, it does not restrict the State from regulating the use of its roads as a matter of its police powers." *Merring v. Bozym*, 2008 WL 5378280, *3 (M.D.Pa. December 22, 2008)(quoting *Knox v. M. Pcobasco,* No. 86-2367, 1986 WL 6310 (E.D.Pa. June 4, 1986)). "A license to operate a motor vehicle is not a contract or a right of property." *Id.*(citing *Commonwealth v. Halteman,* 192 Pa.Super. 379, 162 A.2d 251, 254-55 (Pa.Super.Ct.1960)(quoting *Commonwealth v. Funk,* 323 Pa. 390, 186 A. 65 (Pa.1936)).  Thus, while Plaintiff Bond has the right to travel, "that right is not absolute and must be exercised within the guidelines of the law." *Id.*(citing  *Carroll,* 1989 WL 114721, at *2).

Plaintiff Bond also requests a federal injunction to be imposed immediately, prohibiting his 90-day prison sentence from being executed by the Cumberland County Court of Common Pleas.

To the effect that Plaintiff is seeking this federal Court to enjoin decisions made by the Cumberland County Court, to prohibit the execution of his 90-day prison sentence, and to remove his pending state court criminal case to federal court, these requests are clearly barred pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283.  *See In re Madera*, 2008 WL 447497, *5 (E.D. Pa. 2-7-08); *Becker v. Evans*, 496 F. Supp. 20, 21 (M.D. Pa. 1980) ("State court proceedings to enforce a state court judgment have been found not to come within any of [the three exceptions of the  Anti-Injunction Act], and therefore the district court lacks jurisdiction to issue the injunction [to stay the writ of execution on a state court judgment]."); *Clark v. U.S. Bank National Assoc.*, 2004 WL 1380166, *3 (E.D. Pa.) ("The  Anti-Injunction Act simply does not allow federal courts to enjoin state court proceedings, ... , absent the application of an exception under the statute.") (citations omitted); *see also Conklin* v. *Anthou,* Civil No.  10-2501, M.D. Pa.; *Miller v. York County*, Civil No. 11-1451, M.D. Pa.; *Smith v. Litton Loan Servicing, LP*, 2005 WL 289927, *8 (E.D. Pa. Feb. 4, 2005).

We interpret Plaintiff Bond's Complaint as a direct attack on the validity on his state court conviction and sentence, and as a result he would like this federal Court to remove his pending criminal case and appeal from the Superior Court of Pennsylvania and overturn his sentence.  This federal Court clearly does not have the authority to intervene and to issue an injunction prohibiting the completion of Plaintiff's state court criminal case and prohibiting the execution of Plaintiff's prison sentence.  As discussed, the state appellate court is presently considering Plaintiff 's appeal of his conviction and judgment of sentence.  In fact, the PA Superior Court docket (Docket No. 879 MDA 2014) indicates that Plaintiff filed his notice of appeal on May 27, 2014, and that the next event due date in his appeal is July 21, 2014.  Plaintiff is clearly attempting circumvent state court

procedures by filing his present action in this federal Court.  This federal Court simply does not have the broad and sweeping authority to act in direct violation of the Anti-Injunction Act and overturn Plaintiff's state court judgment of sentence before state appellate court even rules on his appeal.

In addition to the Anti-Injunction Act, there is yet another reason why this Court cannot grant the injunctive relief Plaintiff seeks.  Plaintiff's request to enjoin his pending criminal proceedings before the Superior Court of Pennsylvania is also barred by the *Younger v. Harris* abstention doctrine.

The injunctive relief which Plaintiff Bonds seeks is barred by the *Younger* abstention doctrine.  The *Younger* abstention doctrine is based on basic considerations of comity that are fundamental to our federal system of government.  As defined by the courts: "*Younger* abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding. *See Younger v. Harris,* 401 U.S. 37, 41 (1971) ('[W]e have concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.')."  *Kendall v. Russell*, 572 F.3d 126, 130 (3d Cir. 2009).

In *Keys v. Com. of Pa.*, 2011 WL 766978, *16 (M.D. Pa. 1-19-11) adopted by 2011 WL 766950 (M.D. Pa. 2-25-11), the Court stated:

> Additionally, Plaintiff's instant request, seemingly for this Court to enjoin his pending criminal proceedings in the CCP while it reviews the evidence against him and the merits of his constitutional claims, is precluded by the *Younger v. Harris*, 437 U.S. 37 (1971), abstention doctrine.  In *Leer Elec., Inc. v. Com. of Pa.*, 2008 WL 5378284,

25

*4 (M.D. Pa.), the Court stated:

> In *Younger v. Harris,* the United States Supreme Court established an abstention doctrine by holding that federal courts may not enjoin pending state criminal proceedings. 437 U.S. 37 (1971). In the line of cases that followed *Younger,* the Supreme Court made it clear that this doctrine of abstention is not specific to criminal matters, but also applies to state civil court and administrative proceedings. *See Pennzoil Co. v. Texaco, Inc.* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (holding that federal courts may not enjoin state civil proceedings between private parties); *Ohio Civil Rights Commn. v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986) (holding that federal courts may not enjoin state administrative proceedings when important state interests are involved); *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (first applying *Younger* to state administrative proceedings)."The *Younger* doctrine ... reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff."*Moore v. Sims,* 442 U.S. 415, 423, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) (citing *Samuels v. Mackell,* 401 U.S. 66, 69, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971)).*Younger* abstention is appropriate when three requirements are satisfied. *See Middlesex,* 457 U.S. at 432 (collecting and summarizing authorities to establish a three part test). First, the federal plaintiff must be a party in an ongoing state proceeding of a judicial nature subject to interference by continued federal court action. Second, the state proceeding must implicate important state interests. And third, the federal plaintiff must have an adequate opportunity to raise constitutional challenges in the state court proceedings.

We find the pending proceeding in the Superior Court of Pennsylvania against Plaintiff Bond satisfies the three requirements of *Younger* abstention doctrine. First, Plaintiff is clearly a party in an ongoing state court action, and this is a proceeding that would be interfered with if an injunction was granted by this federal Court. Second, the state criminal procedures clearly implicate important state interests because the state has a legitimate interest in reviewing state court judgments of sentence and in correcting state court errors. Finally, Plaintiff certainly has an opportunity to raise his constitutional claims *via* direct appeal to the state appellate courts.

26

Therefore, we find that Plaintiff's case satisfies the three *Younger* abstention requirements. As such, we find that this federal Court is  barred from granting Plaintiff Bond the injunctive relief he requests in his Complaint.  (Doc. 1).

Accordingly, we will recommended that Plaintiff's Complaint **(Doc. 1)** be dismissed in its entirety with prejudice as against all Defendants.

## VII.    Recommendation.

Based on the above, it is respectfully recommended that Plaintiff's Complaint **(Doc. 1)** be dismissed in its entirety with prejudice as against all Defendants and with respect to all of Plaintiff's claims.[5]   It is also recommended that Plaintiff's Motion to Proceed *in forma pauperis* **(Doc. 2)** be granted solely for the purpose of filing this action.

Finally, it is recommended that the Court close this case.


                                    **s/ Thomas M. Blewitt**
                                    **THOMAS M. BLEWITT**
                                    **United States Magistrate Judge**
_____


_____

**Dated: June 11, 2014**


_____

[5]Pursuant to our above discussion, we find futility of any amendment of Plaintiff's claims against Defendants, and we shall not recommend Plaintiff be granted leave to amend his pleading with respect to any of his claims.  *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004).

27

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

AINSLEY ANDRE BOND,              :        CIVIL ACTION NO. **1:14-CV-1049**
                                 :
            Petitioner           :        (Judge Brann)
                                 :
        v.                       :        (Magistrate Judge Blewitt)
                                 :
AMY BETH SCHWARZL, *et al.*,     :
                                 :
            Respondents          :

**NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **June 11, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3,  which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis

28

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 11, 2014**