IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AINSLEY ANDRE BOND,           : | |
|     Plaintiff                                    : | |
|                                            : | No. 1:14-cv-1049 |
| v.                                                 : | |
|                                            : | (Judge Kane) |
| AMY BETH SCHWARZL, et al.,          : | |
|     Defendants                             : | |

## MEMORANDUM

Before the Court are Plaintiff Ainsley Andre Bond's objections (Doc. No. 7) to the Report and Recommendation of Magistrate Judge Blewitt (Doc. No. 5). The Court previously adopted Magistrate Judge Blewitt's Report and Recommendation on July 1, 2014, dismissed Plaintiff's complaint with prejudice, and closed the case. (Doc. No. 6.) For the reasons that follow, the Court will overrule Plaintiff's objections and the case will remain closed.

## I.     BACKGROUND

On May 30, 2014, Plaintiff Ainsley Andre Bond filed the above-captioned pro se action, pursuant to 42 U.S.C. § 1983.[1] (Doc. No. 1.) Among the many allegations contained within Plaintiff's complaint is an allegation that Defendant State Trooper Nicole Mark violated 18 Pa. C.S. § 4909, since her testimony on cross exam at his summary appeal – specifically, that she did not see Plaintiff drive – contradicted the traffic citation she issued against him. (Id.) Plaintiff

---

[1] Magistrate Judge Blewitt concluded that Plaintiff intended to name the following as Defendants in this action: Amy Beth Schwarzl, Certified Legal Intern, Cumberland County District Attorney's Office; John C. Dailey, Senior Assistant District Attorney, Cumberland County District Attorney's Office; F. Clay Merris, Cumberland County Public Defender's Office; and Susan K. Day, Magisterial District Judge, Cumberland County. Magistrate Judge Blewitt further noted that "[i]t also appears Plaintiff has named . . . Trooper Nicole Mark as a Defendant. Plaintiff may also be including the Cumberland County Court as a Defendant." (Doc. No. 5 at 4.)

also alleges Magisterial District Judge Susan K. Day's office committed forgery when they entered a plea of not guilty in an official proceeding, of which he claims he was never notified. (Id.)  He also asserts violations of the Fourteenth Amendment, the Fifth Amendment, Article VI of the United States Constitution, and due process of law.  (Id.)  Plaintiff further alleges that "officials named in this civil case have conspired to commit conspiracies and have acted erroneously contrary to the law."  (Id.)  He seeks monetary damages of $100 million dollars, and requests that the Court issue an injunction prohibiting his 90-day prison sentence from being executed by the Cumberland County Court of Common Pleas.  (Id.)

Magistrate Judge Blewitt screened Plaintiff's complaint, which he concluded was "difficult to comprehend," and filed a Report and Recommendation recommending that the Court dismiss Plaintiff's complaint in its entirety with prejudice.  (Doc. No. 5.)  Although the Court will not rehash the entirety of Magistrate Judge Blewitt's recommendations (see id.), he notably concluded that (1) Plaintiff's complaint did not comply with Federal Rule of Civil Procedure 8(a) as it did not contain a short and plain statement setting forth his claims; (2) Plaintiff's claims that his constitutional rights were violated during his Cumberland County criminal case are barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) unless Plaintiff can show his conviction has been invalidated or overturned; (3) Plaintiff's claims against Cumberland County District Attorney's Office prosecutors are barred by the docrtine of prosecutorial immunity; (4) Plaintiff's claims against Magistrate District Judge Day are barred by judicial immunity because the allegedly tortious acts were comitted during the performance of her official court duties; (5) Plaintiff's claims against the Court of Common Pleas of Cumberland County are barred by the Eleventh Amendment of the United States Constitution; and (6)

Plaintiff stated no claim under 18 U.S.C. § 1512.  (Doc. No. 5.)  Magistrate Judge Blewitt ultimately interpreted Plaintiff's complaint as an attack on the validity of his state court conviction and sentence, and concluded that this Court did not have jurisdiction over the matter at this time, because Plaintiff's state court appeal is currently pending, and his requested injunctive relief is barred by the Younger abstention doctrine.  (Id. at 55 (citing Younger v. Harris, 401 U.S. 37, 41 (1971).)

Plaintiff's objections were due by June 30, 2014.  No timely objections were filed, and on July 1, 2014 the Court adopted Magistrate Judge Blewitt's recommendations, dismissed the complaint with prejudice, and closed the case.  (Doc. No. 6.)  Later that day, following the Court's closure of his case, Plaintiff filed objections to Magistrate Judge Blewitt's Report and Recommendation.  (Doc. No. 7.)

## II.   DISCUSSION

Although Plaintiff's objections were untimely, the Court has nevertheless considered them and finds them entirely without merit.  Although Plaintiff's objections are brief and confusing,[2] he appears to object, first, to the finding that various Defendants are immune from his suit.[3]  The Court will overrule this objection.  To the extent that Plaintiff seeks to sue the

---

[2] For example, Plaintiff also states in his objections that "all aspects of authority poisons [sic] must surrender Bonding Agencies . . . all parties must be ordered to hand over state Bond Agencies so that Plaintiff may apply State Tort."  (Doc. No. 7.)  The Court is not sure what Plaintiff means when he repeatedly refers to bonding agencies, nor is the Court clear as to how this serves as an objection to any of Magistrate Judge Blewitt's recommendations.

[3] Specifically, Plaintiff objects on the grounds that "the judge has indicted [sic] that the invaders of Violations of Federally Protected Right has immunity above the law including the Federally Protected Rights in 1986 [sic] civil case.  However the case is not to be misconstrued in anyway[sic].  I am applying this state tort claim against the State/Commonwealth of Pennsylvania/County of Cumberland and Borough of Mt Holly Springs along with official's

prosecutors and the magistrate judge associated with his case and conviction, the allegations all arise pursuant to their official duties and Magistrate Judge Blewitt was correct in concluding that they are therefore immune from suit in this matter.  See, e.g., Sanders v. Downs, 420 F. App'x 175, 180 (3d Cir. 2011); Brookhart v. Rohr, 385 F. App'x 67, 70 (3d Cir. 2010); Stankowski v. Farley, 487 F.Supp.2d 543, 552 (M.D. Pa. 2007).  Magistrate Judge Blewitt also properly concluded that the claims against the Court of Common Pleas of Cumberland County, an agency of the Commonwealth of Pennsylvania, are barred by the Eleventh Amendment to the United States Constitution.  See MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 503 (3d Cir. 2001).  The Court additionally finds no error in Magistrate Judge Blewitt's conclusion that Heck v. Humphrey, 512 U.S. 477 (1994), bars many of Plaintiff's claims.  Under Heck, "[a] prisoner's civil rights suit based on violations of his rights during his criminal proceedings is barred unless he can demonstrate that his conviction or sentence has been invalidated."  Murphy v. Bloom, 443 F. App'x 668, 669 (3d Cir. 2011).  Plaintiff's conviction has not been overturned and, indeed, is currently pending appeal in the Superior Court of Pennsylvania.  Accordingly, Plaintiff cannot sustain his claims arising out of his Cumberland County criminal proceeding.

Plaintiff further objects because "the official who wrote the police report . . . has infringed the integrity of an official proceeding, whereby is guilty of the 2002 Fraud Accountability Act, and is liable for state tort not personal liability."  (Doc. No. 7.)  The Court construes this as an objection to Magistrate Judge Blewitt's recommendation that the Court dismiss Plaintiff's claim that Defendants have "committed forgery and corporate fraud under the

---

[sic] who commit crimes in this civil case and have been allowed to commit crimes of White Collar Crimes."  (Doc. No. 7.)

Title XI Corporate Fraud Accountability Act of 2002" which Plaintiff cites as 18 U.S.C. § 1512.[4] (Doc. No. 1 at 4.) The Court will overrule this objection. Although Plaintiff cites 18 U.S.C. § 1512 in support of his claims for relief, it is a criminal statute and therefore does not provide a private civil cause of action. See Brett v. Brett, 503 F. App'x 130, 132 (3d Cir. 2012) ("[C]riminal statutes do not give rise to civil liability."); Martensen v. Koch, No. 13-02411, 2014 WL 3057172, at *7 (D. Colo. July 7, 2014) (finding that Section 1512 is a criminal statute and therefore does not provide a private cause of action). Moreover, as stated above, Plaintiff's claims against the multitude of Defendants are alternatively barred at this time by various theories of immunity and by Heck. The Court further observes no error in Magistrate Judge's conclusion that the Court cannot grant Plaintiff the injunctive relief he seeks because Younger abstention applies under the circumstances, and accordingly this Court may not intervene in his state court criminal proceedings.[5] See Younger v. Harris, 437 U.S. 37 (1971).

Although the no timely objections were filed, the Court has nevertheless considered

---

[4] Specifically, 18 U.S.C. 1512(c) provides that:

(c) Whoever corruptly--

> (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
> (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(c).

[5] In Younger, the United States Supreme Court established a "fundamental policy against federal interference with state criminal prosecutions." 401 U.S. at 46. Federal courts should not interfere with ongoing state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Id. at 43-44.

them, finds them without merit, and will overrule them.  The case will remain closed.  An order consistent with this memorandum follows.

them, finds them without merit, and will overrule them.  The case will remain closed.  An order consistent with this memorandum follows.